IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

PEARSON EDUCATION, INC.,

        Plaintiff,                       No. 2:12-cv-2936-KJM-CKD

    vs.

MAMOON "MIKE" ALAHMAD, et al.,

        Defendants.               <u>ORDER</u>

_____/

        On December 29, 2012, defendants Zeina Sidaqui and Koogix filed a motion to dismiss plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) and 9.  (ECF 6.)  Plaintiff filed an opposition on March 1, 2013; Sidaqui and Koogix filed a reply on March 8, 2013.  (ECF 15, 16.)  For the reasons explained below, the court GRANTS in part and DENIES in part Sidaqui and Koogix's motion.

I.      BACKGROUND

        Plaintiff is a publisher of academic and technical textbooks used both by schools and business entities.  (Compl. ¶ 9, ECF 1.)  Defendant Mamoon "Mike" Alahmad contacted plaintiff in early 2011, stating that he was a Bank of America employee; Alahmad requested samples of plaintiff's textbooks for Bank of America's internal training programs.  (*Id.* ¶¶ 10-11.)  Alahmad explained that Bank of America was interested in purchasing textbooks from

1

1  plaintiff directly, which the bank would then provide to its employees. (*Id.* ¶ 11.) During
2  negotiations between Alahmad and plaintiff, Alahmad stated that the purchases would be made
3  through BOA, an entity that Bank of America used to supply contracts. (*Id.* ¶ 16.)

4  On July 12, 2011, plaintiff and BOA entered into a Volume Pricing Agreement
5  (VPA) governing BOA's purchase of textbooks from plaintiff. (*Id.* ¶ 17.) The parties agreed
6  that BOA would receive a seventy percent discount on the retail price, that BOA would
7  purchase at least 1,000 books every thirty days for twelve months, and that the books were for
8  Bank of America's internal use only and would not be resold. (*Id.* ¶ 17.) Alahmad requested
9  that plaintiff ship the textbooks to his home address because Bank of America's training center
10 was not ready to receive shipments; when plaintiff declined, Alahmad supplied a business
11 address in Sacramento, California for BOA. (*Id.* ¶ 18.) Alahmad and plaintiff entered into
12 seven additional VPAs, the last being executed on May 31, 2012. (ECF ¶ 19.) In Spring 2012,
13 Alahmad told plaintiff that Bank of America's training office was relocating and asked for the
14 textbooks to be shipped temporarily to his home in Wilton, California. (*Id.* ¶ 21.) Plaintiff at
15 that point agreed. (*Id.*)

16 In August 2012, plaintiff discovered that a seller named "Koogix" was selling
17 on Amazon.com and Alibris.com more than one hundred of the textbook titles that plaintiff had
18 sold to BOA through Alahmad. (*Id.* ¶ 25.) Plaintiff subsequently learned that Koogix was a
19 web domain registered to Sidaqui at Alahmad's Wilton, California address. (*Id.* ¶ 26.) BOA's
20 payment history with plaintiff showed that Alahmad and Sidaqui had appeared as "remitter" on
21 checks that BOA had used to pay plaintiff. (*Id.*) Plaintiff also learned that BOA was a
22 Wyoming corporation registered at Alahmad's Wilton, California address, not an affiliate of
23 Bank of America. (*Id.*)

24 On December 4, 2012, plaintiff filed the complaint in this action against
25 Alahmad, Sidaqui, Koogix and BOA, stating the following causes of action against all
26 defendants: (1) fraud/intentional misrepresentation; (2) breach of contract; (3) violation of
27 California's Unlawful Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (ECF 1.)
28 Sidaqui and Koogix now move to dismiss each claim as to them. (ECF 6.)

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v.*

*Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.   ANALYSIS

    A.   Motion to Dismiss Fraud Claims

        Koogix and Sidaqui argue that plaintiff has not sufficiently alleged that they committed fraud. (ECF 6 at 4.) The elements of a claim for fraud under California law are: "(1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages. *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 199-200 (2012).

        Additionally, "Federal Rule of Civil Procedure Rule 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations'" when pleading common law fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)). The purpose of Rule 9(b)'s heightened pleading standard is to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Bly–Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotations omitted). In the case of multiple defendants,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz*, 476 F.3d at 764-65 (citations and quotations omitted). *See also United States v.*

/////

4

1  *Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (merely attributing one defendant's
2  fraudulent actions to codefendants is not enough to state claim for fraud against codefendants).
3  　　　　　Koogix and Sidaqui do not assert that the complaint lacks facts setting forth the
4  alleged time, place, misrepresentations and identity of the parties as required under *Swartz*,
5  only that these requirements are not met as to them.  (ECF 6 at 4.)  They argue that plaintiff has
6  not alleged fraud with sufficient particularity because plaintiff specified only the fraudulent
7  actions of Alahmad and BOA, without explaining how Sidaqui and Koogix individually
8  committed fraud.  (*Id*.)  Sidaqui and Koogix also contend that plaintiff has not alleged that
9  either one of them has made a false representation.  (ECF 6 at 5.)
10  　　　　　In the complaint, plaintiff states, "Plaintiff is informed and believes that
11  Alahmad and Sidaqui instead conspired to act in concert through BOA Corp. to fraudulently
12  obtain books from Plaintiff at prices substantially below the wholesale pricing available to
13  retail resellers, and then resell those books through Koogix at prices that produced inflated
14  profits for Defendants while undercutting Plaintiff's direct and indirect retail sales."  (ECF 1 ¶
15  29.)  In addition, the complaint alleges that plaintiff discovered Koogix selling books through
16  Amazon.com and Alibris.com and that Koogix was registered in Sidaqui's name at Alahmad's
17  Wilton address.  (ECF 1 ¶¶ 25-26.)  Further, BOA's payment history revealed that Sidaqui and
18  Alahmad had both been named as "remitter" on cashier's checks that BOA used to pay
19  plaintiff.  (*Id. ¶* 26.)
20  　　　　　These facts are sufficient to state a claim for fraud as to Koogix and Sidaqui.
21  Unlike in *Swartz*, where the complaint alleged generally that all defendants engaged in
22  fraudulent conduct, but did not allege specific actions as to each defendant, plaintiff here has
23  alleged facts to show that Koogix and Sidaqui were participants in the fraud.  Other courts have
24  found similar levels of detail in complaints to be sufficient to state a claim for fraud.   For
25  example, in a case where a corporation alleged that its competitor had accepted stolen
26  information from a second defendant and used the information in creating the competitor's
27  products, this identification of the competitor's role in the fraudulent scheme was sufficient to
28  state a claim for fraud against the competitor.  *Amron Int'l Diving Supply, Inc. v. Hydrolinx*

*Diving Commc'n, Inc.*, No. 11-CV-1890-H( JMA), 2011 WL 5025178, at *8 (S.D. Cal. Oct. 21, 2011).  In another case, plaintiff's allegation that a mortgage company did not deliver loan documents to the plaintiff at loan closing was sufficient to state a claim for fraud because it "differentiate[d] between the conduct alleged of [the mortgage company] and that of other defendants named under plaintiff's fraud claim."  *Marcelos v. Dominguez*, No. C 08-00056 WHA, 2008 WL 2788173, at *6-7 (N.D. Cal. July 18, 2008).  Similarly, plaintiff's complaint here does not merely state that Koogix and Sidaqui acted fraudulently along with the other defendants; it alleges the specific actions that Koogix and Sidaqui each took.

Moreover, plaintiff's fraud claims against Koogix and Sidaqui are adequate despite the complaint's lack of a false misrepresentation attributed to these two defendants.  "[T]here is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant."  *Swartz*, 476 F.3d at 764 (emphasis in original).  Showing each defendant's role in the fraud is sufficient and "each conspirator may be performing different tasks to bring about the desired result."  *Id.* (citing *Beltz Travel Serv., Inc. v. Int'. Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980)).

The court denies the motion to dismiss plaintiff's fraud claims brought by Koogix and Sidaqui.

B.   Motion to Dismiss Claim for Breach of Contract

The elements of a contract under California law are "[p]arties capable of contracting," "[t]heir consent, "[a] lawful object" and "[a] sufficient cause or consideration."  CAL. CIV. CODE § 1550.  Koogix and Sidaqui assert that plaintiff has not stated a claim for breach of contract against them because the complaint does not establish that Koogix and Sidaqui formed a contract with plaintiff.  (ECF 6 at 6.)  Specifically, Koogix and Sidaqui argue plaintiff does not allege they consented to contract with plaintiff or received consideration.  (*Id.*)  Plaintiff responds that Sidaqui is liable for breach of contract because Sidaqui, acting through Koogix, is the alter ego of BOA and was a party to the contract between plaintiff and BOA.  (ECF 15 at 13-14.)  Alternatively, plaintiff argues that Sidaqui is liable as an

6

undisclosed principal of BOA and Alahmad. (ECF 15 at 16-17.) Plaintiff does not argue that the motion to dismiss this claim should not be granted as to Koogix; accordingly, the claim against Koogix is dismissed.

In the complaint, plaintiff does not assert that its claim for breach of contract against Sidaqui is based on alter ego liability or a theory that Sidaqui is liable as an undisclosed principal. However, this does not necessarily foreclose plaintiff from asserting this theory now. A plaintiff's complaint must provide defendants "with fair notice of what [his] claim is and the grounds upon which it rests." *Johnson v. Riverside Healthcare Syst., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)). "[A] party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991) (citing *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985)).

        1.    Alter Ego Doctrine

"Under the alter ego doctrine . . . courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). To invoke the doctrine, plaintiff must allege two elements: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.*

In evaluating the unity of interests between the corporation and owner, courts consider the following factors: (1) substantial ownership of a corporation and dominance over its management; (2) inadequacy of the corporation's capitalization or its insolvency; (3) failure to observe corporate formalities; (4) absence of regular board meetings; (5) nonfunctioning of corporate directors; (6) commingling of corporate and noncorporate assets; (7) the diversion of assets from the corporation to the detriment of creditors; and (8) failure of an individual to

maintain an arm's length relationship with the corporation. *United States v. Healthwin–Midtown Convalescent Hosp. & Rehab. Ctr., Inc.*, 511 F. Supp. 416, 418–19 (C.D. Cal. 1981), *aff'd,* 685 F.2d 448 (9th Cir. 1982); *see also Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, 425 (9th Cir. 1977).

Plaintiff argues that the allegations in the complaint regarding online sales of plaintiff's books by Koogix, Sidaqui's name on payment checks, and the shared address of all defendants are enough to show that BOA was the alter ego of Sidaqui and Alahmad. (ECF 15 at 15.) Plaintiff asserts further that the facts in the complaint reveal "the assets received by BOA—the textbooks—were not obtained for the benefit of BOA, a mere conduit, but so that Alahmad and Sidaqui could sell the books via Koogix in violation of the express terms of the contracts with [plaintiff]." (*Id.* (citing ECF 1 ¶¶ 25-26.))

However, plaintiff's complaint does not allege BOA was the alter ego of Sidaqui and Alahmad, or contain facts to support such a claim. "[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Although the facts that plaintiff alleges regarding Sidaqui's actions may support a showing that there was a unity of interest between Sidaqui and BOA, plaintiff does not point to facts that support the inequitable result element of alter ego liability. Accordingly, plaintiff cannot proceed on an alter ego theory to save its claim for breach of contract against Sidaqui and Koogix as pled in the current complaint. *See Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS MDD, 2011 WL 3490471, at *2-3 (S.D. Cal. Aug. 10, 2011) (dismissing claim against defendant where plaintiff did not allege facts supporting inequity prong of alter ego liability); *Neilson*, 290 F. Supp. 2d at 1117 (same).

2.   Undisclosed Principal

Plaintiff argues that Sidaqui is the undisclosed principal of BOA and Alahmad because BOA and Alahmad were acquiring textbooks on her behalf and that of Koogix. (ECF 15 at 15.) "A contract made in the name of an agent may be enforced against an undisclosed principal . . . ." *Sterling v. Taylor*, 40 Cal. 4th 757, 773 (2007). "An agency relationship

results when (1) the principal manifests consent to the agent that the agent shall act on the principal's behalf (2) subject to the principal's control, and (3) the agent consents to so act." *Brown v. Nat'l Football League Players Ass'n*, 281 F.R.D. 437, 443 (C.D. Cal. 2012). "Agency relationships may be inferred or implied from the conduct of parties and circumstances surrounding the events." *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1097 (N.D. Cal. 2007). Plaintiff asserts the facts in the complaint show that its textbooks were acquired by Alahmad on behalf of Koogix and Sidaqui. (ECF 15 at 15.)

As with plaintiff's theory of alter ego liability, the complaint does not allege that Sidaqui was an undisclosed principal or allege facts in support of this theory. From the facts alleged, one could infer that Sidaqui was involved in the transactions with plaintiff, but plaintiff does not allege facts showing that Sidaqui was directing the transaction or that BOA or Alahmad agreed to act on her behalf.

The court grants the motion to dismiss plaintiff's claims for breach of contract brought by Sidaqui and Koogix. However, plaintiff is granted leave to amend, if it is able to amend while complying with Federal Rule of Civil Procedure 11.

C. Unfair Competition Law Claim

Sidaqui and Koogix move to dismiss plaintiff's claim under California's Unfair Competition Law (UCL). (ECF 6 at 6.) The UCL statute prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," CAL. BUS. & PROF. CODE § 17200, and "borrows violations from other laws by making them independently actionable as unfair competitive practices, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (quotations and citations omitted). Sidaqui and Koogix assert that plaintiff's UCL claim must be dismissed because plaintiff has not stated claims for breach of contract or fraud. (ECF 6 at 7.) However, as plaintiff has stated a claim for fraud against Sidaqui and Koogix, the court denies their motion to dismiss the UCL claim.

/////
/////
/////

9

IV. CONCLUSION

    For the reasons set forth above, it is hereby ORDERED that:

    1.    Sidaqui's and Koogix's motion to dismiss plaintiff's claims for fraud/intentional misrepresentation is denied.

    2.    Sidaqui's and Koogix's motion to dismiss plaintiff's claims for breach of contract is granted, with leave to amend.  Any amended complaint must be filed within twenty-one (21) days of this order.

    3.    Sidaqui's and Koogix's motion to dismiss plaintiff's Unfair Competition Law claims is denied.

IT IS SO ORDERED

DATED:  April 16, 2013.

                                          UNITED STATES DISTRICT JUDGE